

FILED
JAN 17 2023
2023 JAN 17 PM 2:35
RHONDA WYKLE, CLERK
HOCKING COUNTY COMMON PLEAS

IN THE COURT OF COMMON PLEAS
HOCKING COUNTY, OHIO

JASON TINGLER )
805 Sycamore Street )
Ravenswood, WV 26164, )
)
           Plaintiff, )
)
    v. )
)
WAL-MART ASSOCIATES, INC. )
12910 OH-664 S )
Logan, Ohio 43138 )
)
    **Serve Also:** )
    Wal-Mart Associates, Inc. )
    c/o CT Corporation System )
    4400 Easton Commons Way )
    Suite 125 )
    Columbus, Ohio 43219 )
)
           Defendant. )

CASE NO. 23CV0004

JUDGE: Despetorch

**COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF**

**JURY DEMAND ENDORSED
HEREIN**

Plaintiff, Jason Tingler, by and through undersigned counsel, as his Complaint against Defendant Wal-Mart Associates, Inc. ("Walmart"), states and avers the following:

### PARTIES AND VENUE

1. Tingler is a resident of the city of Ravenswood, Jackson County, West Virginia.

2. Walmart is a foreign corporation that does business at 12910 OH-664 S, Logan, Hocking County, Ohio 43138 ("Logan Location").

3. Walmart is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq*.

4. Walmart is and, at all times herein, was an employer within the meaning of R.C. § 4123.90.

5. All of the material events alleged in this Complaint occurred in Hocking County.

6. Personal jurisdiction is proper over Walmart pursuant to R.C. § 2307.382(A)(1) and (4).



7. Venue is proper pursuant to Civ. R. 3(C)(3) and (6).

8. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

9. Within 300 days of the conduct alleged below, Tingler filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2023-00890 against Walmart ("Tingler EEOC Charge").

10. Tingler dually filed the Tingler EEOC Charge with the EEOC and the Ohio Civil Rights Commission.

11. On or about January 4, 2023, the EEOC issued a Notice of Right to Sue letter to Tingler regarding the Tingler EEOC Charge.

12. Tingler received his Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

13. Tingler has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

14. Tingler has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

15. Tingler has properly exhausted his administrative remedies pursuant to R.C. § 4112.052.

## FACTS

16. On or about October 16, 2021, Tingler began working for Walmart.

17. Walmart employed Tingler as an overnight stocker.

18. On or about March 27, 2022, Tingler sustained a back injury ("Injury").

19. Tingler sustained the Injury while lifting a box containing a foam mattress.

20. Tingler sustained the Injury in the course of his employment with Walmart.

2



21. On or about March 27, 2022, at least one person in management witnessed the Injury.

22. On or about March 29, 2022, Tingler went to an urgent care because his pain from the Injury was continuing.

23. On or about March 29, 2022, the urgent care prescribed Tingler medication for the Injury.

24. Tingler's Injury is a physical impairment.

25. Because of Tingler's Injury and related conditions, he is significantly limited in one or more major life activities, including bending, lifting, and working.

26. Tingler has a record of physical impairment.

27. Because of Tingler's Injury, Walmart perceived Tingler as disabled.

28. Tingler was disabled within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

29. Tingler was disabled within the meaning of R.C. § 4112.01 *et seq.*

30. On or about April 6, 2022, while Tingler was at work, his back pain suddenly became excruciating.

31. On or about April 6, 2022, while Tingler was at work, became nauseated because his pain was so severe.

32. On or about April 6, 2022, Tingler left work early to go to the emergency room.

33. On or about April 6, 2022, Tingler received permission to leave work to go to the emergency room.

34. On or about April 13, 2022, Tingler applied for Workers' Compensation.

35. On or about April 14, 2022, Tingler's doctor diagnosed him with arthritis in his lower lumbar vertebrae.



36. On or about May 14, 2022, Walmart took Tingler off the work schedule ("Removal from Schedule").

37. The Removal from Schedule was an adverse employment action.

38. The Removal from Schedule was an adverse action.

39. Walmart did the Removal from Schedule intentionally.

40. Walmart did the Removal from Schedule willfully.

41. Walmart did the Removal from Schedule in an attempt to pressure Tingler to resign.

42. Walmart did not state a reason for the Removal from Schedule.

43. Walmart did the Removal from Schedule because of Tingler's disability.

44. Walmart did the Removal from Schedule because of Tingler's perceived disability.

45. Walmart did the Removal from Schedule in retaliation for Tingler's First Accommodation Request.

46. Walmart did the Removal from Schedule in retaliation for Tingler's filing for Workers' Compensation.

47. On or about May 14, 2022, Tingler was able to perform the essential functions of his job.

48. On or about May 29, 2022, Walmart's third-party insurer advised Tingler to request intermittent leave.

49. On or about May 29, 2022, Tingler requested intermittent leave due to his Injury ("First Accommodation Request").

50. The First Accommodation Request was reasonable.

51. Walmart could have granted the First Accommodation Request without undue burden on the company.



52. Walmart did not engage in the interactive process to determine whether there was an alternative accommodation available.

53. In or about May 2022, Tingler asked multiple times to be placed back on the schedule.

54. In or about June 2022, Tingler asked multiple times to be placed back on the schedule.

55. On or about June 14, 2022, Tingler returned to work.

56. From on or about June 14, 2022, to on or about August 3, 2022, Tingler worked, using intermittent leave as necessary.

57. On or about August 3, 2022, Walmart terminated Tingler's employment ("Termination").

58. The Termination was an adverse employment action.

59. The Termination was an adverse action.

60. Walmart gave Tingler the Termination intentionally.

61. Walmart gave Tingler the Termination willfully.

62. Walmart has a progressive disciplinary policy ("Discipline Policy").

63. A verbal warning is the lowest level of discipline in the Discipline Policy.

64. Tingler did not receive a verbal warning before the Termination.

65. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

66. Tingler did not receive a written warning before the Termination.

67. A termination is the highest level of discipline in the Discipline Policy.

68. Walmart knowingly skipped progressive disciplinary steps in terminating Tingler's employment.

69. Walmart knowingly terminated Tingler's employment.

70. Walmart knowingly took an adverse employment action against Tingler.

71. Walmart knowingly took an adverse action against Tingler.

5



72. Walmart intentionally skipped progressive disciplinary steps in terminating Tingler's employment.

73. Walmart intentionally terminated Tingler's employment.

74. Walmart intentionally took an adverse employment action against Tingler.

75. Walmart intentionally took an adverse action against Tingler.

76. Walmart knew that skipping progressive disciplinary steps in terminating Tingler's employment would cause Tingler harm, including economic harm.

77. Walmart knew that terminating Tingler's employment would cause Tingler harm, including economic harm.

78. Walmart willfully skipped progressive disciplinary steps in terminating Tingler's employment.

79. Walmart willfully terminated Tingler's employment.

80. Walmart willfully took an adverse employment action against Tingler.

81. Walmart willfully took an adverse action against Tingler.

82. On or about August 3, 2022, Walmart terminated Tingler's employment because of his disability.

83. On or about August 3, 2022, Walmart terminated Tingler's employment because of his perceived disability.

84. On or about August 3, 2022, Walmart terminated Tingler's employment in retaliation for his requesting a disability accommodation.

85. On or about August 3, 2022, Walmart terminated Tingler's employment in retaliation for his filing for Workers' Compensation.

86. As a direct and proximate result of Walmart's conduct, Tingler suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

6



## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF ADA

87. Tingler restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

88. Walmart treated Tingler differently than other similarly-situated employees based on his disabling condition.

89. Walmart treated Tingler differently than other similarly-situated employees based on his perceived disabling condition.

90. On or about August 3, 2022, Walmart terminated Tingler's employment without just cause.

91. Walmart terminated Tingler's employment based on his disability.

92. Walmart terminated Tingler's employment based on his perceived disability.

93. Walmart violated ADA when it discharged Tingler based on his disability.

94. Walmart violated ADA when it discharged Tingler based on his perceived disability.

95. Walmart violated ADA by discriminating against Tingler based on his disabling condition.

96. Walmart violated ADA by discriminating against Tingler based on his perceived disabling condition.

97. As a direct and proximate result of Walmart's conduct, Tingler suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

98. Tingler restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

99. Walmart treated Tingler differently than other similarly-situated employees based on his disabling condition.

7



100. Walmart treated Tingler differently than other similarly-situated employees based on his perceived disabling condition.

101. On or about August 3, 2022, Walmart terminated Tingler's employment without just cause.

102. Walmart terminated Tingler's employment based on his disability.

103. Walmart terminated Tingler's employment based on his perceived disability.

104. Walmart violated R.C. § 4112.02 when it discharged Tingler based on his disability.

105. Walmart violated R.C. § 4112.02 when it discharged Tingler based on his perceived disability.

106. Walmart violated R.C. § 4112.02 by discriminating against Tingler based on his disabling condition.

107. Walmart violated R.C. § 4112.02 by discriminating against Tingler based on his perceived disabling condition.

108. As a direct and proximate result of Walmart's conduct, Tingler suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT III: FAILURE TO ACCOMMODATE UNDER ADA

109. Tingler restates each and every prior paragraph of this Complaint, as if fully restated herein.

110. Tingler informed Walmart of his disabling condition.

111. Tingler requested accommodations from Walmart to assist with his disabilities, including intermittent leave.

112. Tingler's requested accommodations were reasonable.

113. There was an accommodation available that would have been effective and would have not posed an undue hardship to Walmart.

8



114. Walmart failed to engage in the interactive process of determining whether Tingler needed an accommodation.

115. Walmart failed to provide an accommodation.

116. Walmart violated ADA by failing to provide Tingler a reasonable accommodation.

117. As a direct and proximate result of Walmart's conduct, Tingler suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT IV: FAILURE TO ACCOMMODATE UNDER R.C. 4112.01 *et seq.*

118. Tingler restates each and every prior paragraph of this Complaint, as if fully restated herein.

119. Tingler informed Walmart of his disabling condition.

120. Tingler requested accommodations from Walmart to assist with his disabilities, including intermittent leave.

121. Tingler's requested accommodations were reasonable.

122. There was an accommodation available that would have been effective and would have not posed an undue hardship to Walmart.

123. Walmart failed to engage in the interactive process of determining whether Tingler needed an accommodation.

124. Walmart failed to provide an accommodation.

125. Walmart violated R.C. § 4112.02 by failing to provide Tingler a reasonable accommodation.

126. As a direct and proximate result of Walmart's conduct, Tingler suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT V: RETALIATION IN VIOLATION OF ADA

127. Tingler restates each and every prior paragraph of this complaint, as if it were fully restated herein.

9



128. As a result of Tingler's Injury, Tingler requested disability accommodation, including intermittent leave.

129. Subsequent to Tingler's requesting an accommodation, Walmart gave Tingler the Removal from Schedule.

130. Subsequent to Tingler's requesting an accommodation, Walmart gave Tingler the Termination.

131. Walmart's actions were retaliatory in nature based on Tingler's opposition to the unlawful discriminatory conduct.

132. Pursuant to ADA, it is an unlawful discriminatory practice to retaliate against an employee for requesting a disability accommodation.

133. As a direct and proximate result of Walmart's conduct, Tingler suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT VI: RETALIATION IN VIOLATION OF ADA

134. Tingler restates each and every prior paragraph of this complaint, as if it were fully restated herein.

135. As a result of Tingler's Injury, Tingler requested disability accommodation, including intermittent leave.

136. Subsequent to Tingler's requesting an accommodation, Walmart gave Tingler the Removal from Schedule.

137. Subsequent to Tingler's requesting an accommodation, Walmart gave Tingler the Termination.

138. Walmart's actions were retaliatory in nature based on Tingler's opposition to the unlawful discriminatory conduct.



139. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice to retaliate against an employee for requesting a disability accommodation.

140. As a direct and proximate result of Walmart's conduct, Tingler suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT VII: WORKERS' COMPENSATION RETALIATION

141. Tingler restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

142. On or about May 14, 2022, Walmart removed Tingler from the schedule.

143. Walmart removed Tingler from the schedule in retaliation for filing a claim for Workers' Compensation benefits.

144. On or about August 3, 2022, Walmart terminated Tingler's employment.

145. Walmart terminated Tingler's employment in retaliation for Tingler's filing a claim for Workers' Compensation benefits.

146. Within 90 days of the conduct described above, Walmart received written notice that Tingler intends to pursue claims for Workers' Compensation retaliation.

147. Tingler was discharged without just cause for filing a claim for Workers' Compensation benefits; Tingler is therefore entitled to recover damages from Walmart for its wrongful discharge of him in retaliation for filing a claim for Workers' Compensation benefits under R.C. § 4123.90.

148. As a direct and proximate result of Walmart's conduct, Tingler has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

11



## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Tingler respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

    (i) Requiring Walmart to abolish discrimination, harassment, and retaliation;

    (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    (v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring Walmart to restore Tingler to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(c) An award against Defendant of compensatory and monetary damages to compensate Tingler for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against Defendant in an amount in excess of $25,000;



(e) An award of reasonable attorneys' fees and non-taxable costs for Tingler claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ (0099332) for Breedlove*
Trisha Breedlove (0095852)
Paul Filippelli (0097085)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax: (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
Email: paul.filippelli@spitzlawfirm.com
*Attorneys for Plaintiff Jason Tingler*

## JURY DEMAND

Plaintiff Tingler demands a trial by jury by the maximum number of jurors permitted.

---

Trisha Breedlove (0095852)
Paul Filippelli (0097085)



EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Jason Tingler<br>805 Sycamore Street<br>Ravenswood, WV 26164 | From: | Cleveland Field Office<br>1240 E 9th St, Suite 3001<br>Cleveland, OH 44199 |
|---|---|---|---|

| EEOC Charge No.<br>532-2023-00890 | EEOC Representative<br>Legal Unit | Telephone No.<br>(267) 589-9707 |
|---|---|---|

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

- Less than 180 days have elapsed since the filing date. I certify that the Commission s processing of this charge will not be completed within 180 days from the filing date.
- The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.*

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By: Rosemarie Rhodes
01/04/2023

Enclosures(s)

Rosemarie Rhodes
Director

cc: Scott A. Forman
Walmart c/o Littler Mendelson PC
2301 MCGEE ST Ste. 800
Kansas City, MO 64108

Paul Filipelli
The Spitz Law Firm
1103 Schrock Road, Suite 307
Columbus, OH 43229

Enclosure with EEOC
Form 161-B (01/2022)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of **the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*